**FILED**
JAN 31 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Magistrate Case No. 08MJ8048 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| Jana Fernanda ANDRADE, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on January 25, 2008, to determine whether defendant Jana Fernanda ANDRADE should be held in custody pending trial on the grounds that she is a flight risk. Assistant U.S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan, of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the criminal complaint issued against the Defendant on January 23, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

# FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

1. The Defendant is charged in Criminal Complaint No. 08MJ8048 with the importation of 14.80 kilograms (32.56 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u> 14.80 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. <u>See</u> 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 32. <u>See</u> USSG § 2D1.1(4). Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>See</u> USSG § 4A1.1, the sentencing range for the Defendant is 121-151 months in prison.

B. <u>Weight of the Evidence Against the Defendant (14.80 U.S.C. § 3142(g)(2):</u>

1. The case against the Defendant is strong. On January 22, 2008, Defendant was the driver and sole occupant of a 1995 Volkswagon Jetta, as he entered the United States from Mexico, at the Calexico, California, East Port of Entry. The Defendant and the vehicle were escorted to the vehicle secondary area for further inspection. During secondary inspection, Customs and Border Protection Officer Rojas noticed that the floorboard and rocker panels sounded solid when tapped. A subsequent search of the vehicle resulted in the discovery of 14.80 kilograms (32.56 pounds) of cocaine concealed inside the floorboard and rocker panels of the Jetta. Defendant denied knowledge of the cocaine found in the Jetta, stating she was supposed to smuggle marijuana, but not until she had acquired a valid driver's license.

1. <u>History and Characteristics of the Defendant (14.80 U.S.C. § 3142(G)(3):</u>

1. The Defendant is a United States citizen.

2. The Defendant resides in Calexico, California.

3. The Defendant's parents reside in Mexicali, Baja California, Mexico.

D. <u>Nature and Seriousness of Danger Posed by Release (14.80 U.S.C. § 3142(g)(4)</u>:

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

II

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in the Criminal Complaint Number 08MJ8048, to wit: the importation of 14.80 kilograms (32.56 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. She therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///
///
///
///
///

///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 1-31-08

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

JOHN F. WEIS
Assistant U. S. Attorney

cc: Diane Regan
    Federal Defenders of San Diego, Inc.